Gary Trachten
Alisa L. Silverstein
**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOSEPH J. KELLY

                       Plaintiff,

          -against-

EVOLUTION MARKETS, INC.

                  Defendant
-------------------------------------------------------------X

ECF Case 08 CIV 10757 (SCR)

**AMENDED COMPLAINT AND**
**DEMAND FOR TRIAL BY JURY**

      The plaintiff, Joseph Kelly, by and through his attorneys, Kudman Trachten Aloe LLP,

for his Amended Complaint against the defendant, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

      1.     The plaintiff, Joseph J. Kelly ("Kelly"), is a citizen of the State of Connecticut.

      2.     The defendant Evolution Markets, Inc. ("EvoMarkets") is a Delaware Corporation

having its principal place of business in the City of White Plains, County of Westchester, State of

New York, in this Court's judicial district.

      3.     The amount in controversy in this action is in excess of seventy-five thousand

dollars ($75,000.00), exclusive of interest and costs.

      4.     The subject matter jurisdiction of this Court over this action is predicated on 28

U.S.C. §1332(a) (diversity of citizenship).

5.    This Court's personal jurisdiction over EvoMarkets is predicated on CPLR §301.

6.    This action is properly venued in this Court pursuant to 28 U.S.C. §1391(a)(1) and (2) in that the defendant resided in this judicial district and a substantial part (if not all) of the events or omissions giving rise to the claims made herein occurred in this judicial district.

## BACKGROUND FACTS

7.    The plaintiff Kelly became employed by the defendant EvoMarkets on or about August 6, 2007, in the position of Vice President-Institutional Sales, initially pursuant to a written employment agreement (the "Employment Agreement") dated August 2, 2007.

8.    In his position, Kelly's primary responsibility was to cultivate a market for and broker uranium.

9.    In accordance with Section 2 of the Employment Agreement, it was effective for a period of one year (the "Term") unless renewed by timely written notice by EvoMarkets at least sixty (60) days before the end of the Term, except that certain provisions thereof, by their terms, survive the Term for periods varying with the provisions.

10.    EvoMarkets did not give notice of renewal and, accordingly, the Employment Agreement by its express terms ended on August 5, 2008.

11.    Since August 6, 2008, the Employment Agreement has no longer governed the relationship between the parties except to the extent the Employment Agreement provides that certain promises, covenants and/or conditions would extend and be applicable and binding post-Term.

12.    In approximately May, 2008, EvoMarkets, through President and CEO Andrew Ertel and Managing Partner/Director Stephen Nesis, promised Kelly that his so-called bonus compensation would be in an amount equal to 50% of the gross fees attributable to his efforts

less the salary and costs attributable to employing him, payable quarterly on collected brokerage fees.

13.    The foregoing "bonus" formula was and is in accordance with EvoMarkets' compensation practices with respect to its other brokers.

14.    For a period of time after expiration of the Term, EvoMarkets continued to employ Kelly.

15.    The parties agreed that with respect to EvoMarkets' post-Term employment of Kelly, EvoMarkets would continue to pay Kelly his prior salary and benefits and to also compensate him in accordance with par. 12, above.

16.    After the expiration of the Term of the Employment Agreement, the parties engaged in negotiations concerning entering into a new written employment agreement.

17.    On November 21, 2008, EvoMarkets terminated its employment of Kelly.

18.    Section 6.1 of the Employment Agreement provides that for six months post-Term (the "Non-Compete Period"), Kelly may not compete with EvoMarkets and that on certain conditions – including that Kelly have been terminated without "Cause" as defined in the Employment Agreement – EvoMarkets would continue during the Non-Compete Period to pay Kelly his base salary.

19.    In addition, Section 6.3 of the Employment Agreement provides that for the Non-Compete Period plus three months thereafter, Kelly is prohibited from communicating with any EvoMarkets client with whom he had contact with or of whose existence he became aware of in the last 180 days of his employment.

20.    In addition, Section 6.5 of the Employment Agreement provides that for the Non-Compete Period and nine months thereafter, Kelly is prohibited from: directly or indirectly hiring

3

any of EvoMarkets' employees or candidates for employment; hiring anyone who had ever been employed by EvoMarkets until one year after such person's employment by EvoMarkets ended; for any reason encouraging any of EvoMarkets' employees to resign; and making any negative statements (including truthful statements) about EvoMarkets to any of its employees or candidates for employment or anyone else, regardless of the reason for his making such statements.

21.     At the time that it terminated Kelly's employment, EvoMarkets demanded in writing that Kelly abide by all the post-Term restrictive covenants in the Employment Agreement, "reserving" its right to seek injunctive relief if he does not do so.

22.     At the time that it terminated Kelly's employment, EvoMarkets asserted in writing that its termination of such employment was for Cause, and it thereupon ceased paying Kelly any salary past the last day of his employment.

**23.     EvoMarkets' termination of Kelly was, in fact, *without* Cause.**

24.     At the time of the commencement of this action, Kelly had one or more concrete and actual opportunities to soon obtain employment by one or more competitors of EvoMarkets.

25.     At the time of the commencement of this action, Kelly had a present and substantial interest in communicating with persons who were (and may or may not continue to be) clients of EvoMarkets.

26.     At the time of the commencement of this action, Kelly, no longer being employed by EvoMarkets, Kelly had a present and substantial interest in communicating with one or more of EvoMarkets' at-will employees in connection with job prospects that may be available to such persons.

27.     In the original Complaint filed on December 11, 2008 in the above captioned action, *i.e.* in the First, Second, Third, Fourth, Fifth, Sixth and Ninth Causes of Action in that Complaint, Kelly sought a judgment declaring that he was not bound by the non-competition, non-solicitation of clients, and non-solicitation of employees (insofar as the provision extends to at-will employees) provisions in the Employment Agreement because (Kelly pled) those provisions constituted executory restraints of trade competition (a) from which Kelly was discharged under judicially recognized public policy by reason of EvoMarkets' having terminated his employment without good cause; (b) from which Kelly was discharged under the law of contracts by reason of EvoMarkets having materially breached its post-Term and compensation obligations to Kelly under the Employment Agreement; and (c) that are otherwise unenforceable by reason of their not being reasonably necessary (whether at all or in their scope) to protect any legitimate EvoMarkets business interest.

28.     On January 6, 2009, *i.e.* two (2) business days after first being permitted to do so under Fed.R.Civ.P. 56(a)(1), Kelly moved by Order to Show Cause for Summary Judgment on his claims for declaratory relief.

29.     Having received affidavits and briefs on the motion from both parties, the Court on January 23, 2009 heard oral argument on Kelly's aforementioned motion, and reserved decision thereon.

30.     For the reason that the Employment Agreement's Section 6.1 restriction expired on February 5, 2009, to the extent that Kelly's undecided motion sought a declaration that he was not bound by the provision purporting to prohibit him employment with a firm that competes with EvoMarkets, the motion became moot after February 5, 2009.

31.     For the reason that the Employment Agreement's Section 6.3 restrictions on solicitations of EvoMarkets' clients was set to expire on May 5, 2009, to the extent that Kelly's undecided motion sought a declaration that he was not bound by the provision purporting to prohibit him from soliciting EvoMarkets clients, the effectiveness of any relief that might ultimately be granted on the motion was during the pendency of the motion decreasing with the passage of time and would become entirely ineffective if upon the motion becoming moot (if it would still not be decided by May 5, 2009).

32.     When this motion remained undecided four weeks after decision was reserved, Kelly came to reconsider his earlier decision to comply with the Section 6 restrictions pending a judicial determination of his plea, having come to regard the effect of such conduct as tantamount to abiding by an injunction for which EvoMarkets had not applied and to which, in his estimation, EvoMarkets was not entitled.

33.     Accordingly, through counsel, Kelly advised the Court and EvoMarkkets, by letter received on February 23, 2009, that he soon intended to conduct his affairs in accordance with his contention the Section 6.3 (non-solicitation of clients) was unenforceable.

34.     In response to Kelly's aforementioned statement of intention, EvoMarkets on February 25, 2009 applied for a temporary restraining order, and on March 2, 2009, formally moved a for a preliminary injunction to, in part, enjoin Kelly from soliciting its clients until the earlier of May 5, 2009 or the final disposition of the case.

35.     Without holding an evidentiary hearing, the Court on March 5, 2009, granted EvoMarkets' motion for a preliminary injunction to the extent of enjoining Kelly from soliciting current or potential clients of EvoMarkets until the earlier of the final disposition of his case on May 5, 2009.

36.    In the same March 5, 2009 Order, the Court, *inter alia*, denied Kelly's motion for summary judgment.

## FIRST CAUSE OF ACTION
### (Wrongful Injunction)

37.    The plaintiff repeats and realleges ¶ 1-36 as if fully stated.

38.    The Court's issuance of the preliminary injunction on March 9, 2009 was wrongful for the reasons argued by Kelly in support of his motion for summary declaratory judgment and in opposition to EvoMarkets' motion for preliminary relief.

39.    As a consequence of the issuance of the aforementioned preliminary injunction, Kelly has been damaged.

40.    Kelly is entitled to receive compensation for the costs and damages sustained by Kelly by reason of the aforementioned wrongful injunction.

## SECOND CAUSE OF ACTION
### (Breach of Contract – Non-Payment of Compensation)

41.    The plaintiff repeats and realleges ¶¶ 1-23 as if fully stated.

42.    Under the approximately May 2008 in-Term and the post-Term "bonus" compensation agreement between the parties, there was no express provision for Kelly having to remain in EvoMarkets' employ to be entitled to payment of the "bonus" compensation – more accurately described as commissions – earned by Kelly by reason of his performance at brokerage services.

43.    EvoMarkets has refused to pay Kelly for the bonus/commission compensation that has become due to him or would become due to him but for its termination of his employment.

44.     EvoMarkets' termination of Kelly's employment was in bad faith, *i.e.*, for the primary purpose of seeking to deprive Kelly of a very substantial amount of bonus/commissions due or to become due Kelly, predicated on a contention by EvoMarkets that its obligation to pay Kelly bonus/commissions is conditioned on his remaining in EvoMarkets' employ until EvoMarkets collects the brokerage fees generated as a result of Kelly's labors.

45.     By reason of EvoMarkets' breach and anticipatory breach of its obligation to pay bonus/commission compensation to Kelly, Kelly has been damaged and is entitled to a judgment for an award of such bonus/commissions in an amount substantially in excess of one million dollars, the precise amount to be proven at trial, plus pre-trial interest at the statutory rate of 9% per annum.

### THIRD CAUSE OF ACTION
### (Violation of Article 6 of New York Labor Law)

46.     The plaintiff repeats and realleges ¶¶ 41 (incorporating ¶¶ 1-23) through 45 as if fully stated.

47.     At all times relevant to his breach of contract claim set forth above as the Second Cause of Action, Kelly was a "commission salesman" within the meaning of §190(6) of the New York Labor Law.

48.     The bonus/commission payments to which Kelly is entitled under the terms of his compensation agreement with EvoMarkets constitute "wages" within the meaning of § 190(1) of the New York Labor Law.

49.     EvoMarkets has violated § 191(c) of the New York Labor Law by failing to pay Kelly the commission wages to which he was and is entitled in accordance with the requirements of that section.

8

50.     EvoMarkets' failure and anticipatory refusal to pay Kelly the commission wages to which he is entitled under his compensation agreement with EvoMarkets was and continues to be willful within the meaning of § 198(1-a) of the New York Labor Law.

51.     By reason of the foregoing, Kelly is entitled to a judgment for an award of all of his unpaid commission wages, plus liquidated damages equal to twenty-five percent (25%) of the unpaid wages due, plus pre-trial interest on such wages and liquidated damages at a rate of 9% per annum, plus an award of his reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
#### (Breach of Contract – Failure to Pay Continued Salary)

52.     The plaintiff repeats and realleges ¶¶ 1-23 as it fully stated.

53.     All conditions to Kelly's entitlement to receive from EvoMarkets continued salary for the period from when EvoMarkets terminated his employment until the expiration of the Non-Compete Period provided for in Section 6.1 of the Employment Agreement have been satisfied or were waived by EvoMarkets.

54.     As a consequence of EvoMarkets' failure to pay Kelly continued salary in accordance with Section 6.1 of the Employment Agreement, Kelly has suffered direct damages in the sum of thirty thousand, five hundred and seventy-six ($30,576) dollars.

55.     By reason of the foregoing, Kelly is entitled to a judgment for a monetery award of $30,576, plus pre-trial interest at the rate of 9% per annum.

**WHEREFORE**, the plaintiff respectfully demands **TRIAL BY JURY** and a judgment for the plaintiff:

(a)    awarding the plaintiff, on the First Cause of Action, whether by resort to a posted or to-be-posted bond or otherwise, as the Court may determine, his costs and damages suffered by reason of the preliminary injunction issued in this action, in an amount to be proved at trial;

(b)    awarding the plaintiff, on the Second and Third Causes of Action, the compensation and wages due to him for the services he performed for the defendant in an amount to be proved;

(c)    awarding the plaintiff, on the Third Cause of Action, liquidated damages of twenty-five percent (25%) on the amount of the compensation to be awarded to him as wages;

(d)    awarding the plaintiff, on the Fourth Cause of Action, the damages he suffered in the sum of $30,576;

(e)    awarding the plaintiff pre-trial interest on all the Causes, at the rate of 9% per annum on his Second, Third and Fourth Causes of Action;

(f)    awarding the plaintiff his reasonable attorneys' fees on the Third Cause of Action;

(g)    awarding the plaintiff his costs of this action; and

(h)    granting the plaintiff such other relief as the Court deems warranted and just.

July 15, 2009

KUDMAN TRACHTEN ALOE LLP
Attorneys for the Plaintiff

By: Gary Trachten

10

Gary Trachten
Alisa L. Silverstein
**KUDMAN TRACHTEN ALOE LLP**
350 Fifth Avenue, Suite 4400
New York, New York 10118
(212) 868-1010
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSEPH J. KELLY

                           Plaintiff,               ECF Case (SCR)

        -against-                     08 CIV 10757

EVOLUTION MARKETS, INC.
                            Defendant.
--------------------------------------------------------X

STATE OF NEW YORK   )
                       )ss.:     **AFFIDAVIT OF SERVICE**
COUNTY OF NEW YORK  )

      **I, LATISHA WHITE**, being duly sworn, say: I am not a party to the action, am over 18 years of age and reside in New York, New York.  On July 15, 2009, I served the foregoing **STIPULATION OF CONSENT TO THE FILING OF AN AMENDED COMPLAINT AND AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY** via email and by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed to the following attorneys of record whose last known address is as follows:

                                  David B. Wechsler, Esq.
                                  Wechsler & Cohen, LLP
                                  17 State Street, 15th Floor
                                  New York, NY 10004
                                  *Attorneys for defendant*

                                  **LATISHA WHITE**

Sworn to before me this
15th day of July, 2009.

Notary Public
**ALISA SILVERSTEIN**
Notary Public, State of New York
No. 02S16004404
Qualified in New York County
Commision Expires May 23, 20_10_